**MOORE–McCORMACK LINES, INC., Petitioner-Appellant,**

v.

**ARMCO STEEL CORPORATION, Wessel, Duval & Co., Inc., et al., Claimants-Appellees.**

No. 69, Docket 25329.

United States Court of Appeals
Second Circuit.

Petition Filed Dec. 15, 1959.

Decided April 4, 1960.

Bigham, Englar, Jones & Houston, New York City (Henry N. Longley and John J. Martin, New York City, of counsel), for claimants-appellees Armco Steel Corp. and Wessel, Duval & Co.

Burlingham, Hupper & Kennedy, New York City (Eugene Underwood, Hervey C. Allen, and Robert A. Feltner, New York City, of counsel), for petitioner-appellant, Moore-McCormack Lines, Inc., in opposition.

Before L. HAND and CLARK, Circuit Judges, and J. JOSEPH SMITH, District Judge.

PER CURIAM.

Of the three points asserted by claimants on their petition for rehearing, the only one upon which we feel we can add to the discussion already had in our opinion is that relating to the use we made of the deposition of Robert M. Kristal, president of a company manufacturing stabilogauges. The trial court denied limitation of liability for cargo loss on the ground that the unseaworthy stowage was caused by an improperly calibrated stabilogauge which misled the ship's officers as to the proper distribution of cargo. This conclusion rested upon a finding that the stabilogauge was calibrated on the basis of the vessel's 1945 "light ship weight" and "vertical center of gravity," and did not reflect certain modifications which occurred in 1947. After the opinion was filed, the petitioner offered the Kristal deposition, taken sometime before trial, but not previously offered; this the trial judge rejected as too late. Since the deposition shows quite clearly on the basis of office records that the ship was furnished with a properly calibrated stabilogauge on August 8, 1947, we concluded that the trial court's finding was erroneous and granted limited liability for cargo loss.

Claimants now object to our reference to the deposition and urge that at least the issue should have been returned to the trial judge for further hearing with cross-examination of Kristal and new findings. But they do not say how further cross-examination beyond that already had extensively by several counsel (including their own distinguished advocate) at the taking of the deposition can add to the already complete demonstration of the essential fact. Nor do they suggest the names of other witnesses or any further testimony they can produce as to the issue. Under the circumstances and particularly having in mind our power in admiralty to receive further evidence on appeal, Admiralty Rule 45, 28 U.S.C.A.,[1] we have no question of our obligation to accept this clearly proven fact; and we think a return of the case for more trial now to gild the lily would be a useless and an undesirable formality in an admiralty cause already unfortunately too long drawn out.

Petitioner explains its failure to offer the depositon at trial by pointing out that extensive pre-trial and discovery procedures had disclosed no issue as to the stabilogauge and hence it was taken by surprise when the judge raised the issue in his opinion more than a year after the trial. Our reading of the rec-

1. A power which should be accorded appellate courts more widely. Pound, Appellate Procedure in Civil Cases 262, 303–304, 368–369, 387–388 (1941) ; Pound, Appeal and Error—New Evidence in the Appellate Court, 56 Harv.L.Rev. 1313 (1943) ; Clark, Code Pleading 67, note 179 (2d Ed. 1947).

ord supports this claim of surprise and petitoner's prompt action thereafter to correct the error. But be that as it may, with a case which has traveled thus leisurely, and with the correcting facts now fully disclosed, we think justice requires that we act in knowledge of them.

Accordingly the petition is denied.

L. HAND, Circuit Judge.

I do not challenge the power of an appellate admiralty court to receive evidence in addition to that taken in the district court, but it is a custom more honored in the breach than in the observance. While I have not much doubt as to the outcome of a hearing as to the presence of a proper "stabilogauge" in the ship, it does appear to me an undesirable precedent to take Kristal's deposition as conclusive. In spite of the added delay I should prefer to remand the issue for reconsideration by the District Court.