Petition of Sumner A. LONG, Owner, Anne Quinn Corporation, Charterer, and Earl J. Smith & Co., Inc., Agent of the S/S SMITH VOYAGER for Exoneration from or Limitation of Liability.

No. 65 AD 55.

United States District Court
S. D. New York.

Dec. 31, 1968.

Nixon, Mudge, Rose, Guthrie, Alexander & Mitchell, New York City, for petitioner Long; Arthur M. Becker, Eugene Underwood, David A. Vaughan, New York City, Ronnie A. Yoder, Washington, D. C., of counsel.

Baker, Nelson, Williams & Mitchell, New York City, for claimant India Supply Mission; O. Taft Nelson, Robert M. Atkinson, Robert E. Meshel, New York City, of counsel.

Davis & Davis, New York City, for claimant Anna Veenstra; Harold Davis, New York City, of counsel.

Freedman, Borowsky & Lorry, Philadelphia, Pa., Abraham E. Freedman, New York City, for individual claimants; S. Gerald Litvin, Philadelphia, Pa., of counsel.

## MEMORANDUM

BONSAL, District Judge.

Petitioners, Sumner A. Long (Long), owner of the S/S SMITH VOYAGER (the VOYAGER); Anne Quinn Corporation (Quinn), the charterer of the VOYAGER; and Earl J. Smith & Co., Inc. (Smith), the general agent for Quinn, instituted a proceeding pursuant to 46 U.S.C. § 183 et seq., for exoneration from or limitation of liability with respect to claims arising by reason of the sinking of the VOYAGER in the Atlantic Ocean on December 27, 1964. Following a trial, the court denied the petition by order filed on November 18, 1968 for the reasons stated in the court's opinion filed October 29, 1968.[1]

On November 27, 1968, petitioner Long moved for an order pursuant to Rules 52 (a) and 59(b), F.R.Civ.P., amending the order of November 18, 1968 to grant petitioner Long exoneration from or limitation of liability, or, in the alternative, for an order pursuant to Rules 59(a) and 60(b), F.R.Civ.P., granting petitioner Long a new trial on the issue of his right to exoneration from or limitation of liability.

In its opinion filed October 29, 1968, 293 F.Supp. 172, the court stated the following:

"As to petitioner Long, the owner, there was no evidence at the trial that he participated in the loading arrangements or that he had knowledge of the overloading of the VOYAGER. The bareboat charter between Long and Quinn, dated March 23, 1962, provided that subject to certain exceptions not here relevant, 'the Charterer [Quinn] and not the Owner [Long] shall have exclusive possession, control and command of the Vessel during the entire period of use under the Charter.'

"On the other hand, no distinction between the petitioners was made in the pleadings or in the course of the trial, and therefore petitioner Long has failed to prove lack of privity and knowledge of the overloading."

Petitioner Long, seizing upon this statement, contends that he was demisor owner of the VOYAGER, that petitioner Quinn was owner *pro hac vice*, and that the demisor owner is not liable for the torts of the master or other agents of the owner *pro hac vice* or the unseaworthiness of the vessel arising after delivery to the owner *pro hac vice*.

Based on this contention, petitioner Long urges that the court erroneously found that he violated the United States Load Line Act, 46 U.S.C. § 85 et seq.; that the master's knowledge of unseaworthiness at the time the ship broke ground at Houston was imputable to him under 46 U.S.C. § 183(e); and that he failed to prove at the trial lack of privity or knowledge (46 U.S.C. § 183(a)).

■ The right to seek exoneration from or limitation of liability provided in § 183 provides a unique remedy to shipowners. To balance this advantage, the shipowner has the burden of proof to establish that the loss of the vessel was occasioned without his privity or knowledge. China Union Lines, Ltd., v. A. O. Andersen & Co., 364 F.2d 769 (5th Cir. 1966), cert. denied, 386 U.S. 933, 87 S.Ct.

1. Petitioners Quinn and Smith filed a notice of appeal on December 13, 1968.

955, 17 L.Ed.2d 805 (1967), rehearing denied, 386 U.S. 999, 87 S.Ct. 1301, 18 L.Ed.2d 353 (1967); Moore-McCormack Lines, Inc. v. Armco Steel Corp., 272 F. 2d 873 (2d Cir. 1959), rehearing denied, 276 F.2d 676 (2d Cir. 1960), cert. denied, 362 U.S. 990, 80 S.Ct. 1079, 4 L.Ed. 2d 1023 (1960); Holloway Concrete Products Co. v. Beltz-Beatty, Inc., 293 F.2d 474 (5th Cir. 1961); Petition of Howser, 227 F.Supp. 81 (D.C.N.C.1964); Petition of Sause Bros. Ocean Towing Co., 193 F.Supp. 14 (D.C.Or.1960); Petition of Henry Du Bois' Sons Co., 189 F.Supp. 400 (S.D.N.Y.1960).

As Judge Learned Hand pointed out in The S.S. Hewitt, 284 F. 911, 912 (S.D. N.Y.1922), the owner has the burden to "show either just how the loss did occur, or, if he cannot, he must exhaust all the possibilities, and show that as to each he was without privity."

Petitioner Long failed to meet this burden at the trial, and this is the only issue involved in his present petition. He urges that the trial be reopened in order to give him a second chance to establish that he was without privity and knowledge of the overloading of the VOYAGER. In support of his contention, he suggests that at the trial there was a conflict of interest between himself, as owner, and the other petitioners, though they were represented by the same attorneys, and that these attorneys failed to offer his deposition taken before trial, which he asserts establishes his lack of privity or knowledge.

It appears from petitioner Long's affidavit that he and petitioners Smith and Quinn were all covered by the same Protection and Indemnity (P & I) Policy; that the retention of petitioners' attorneys was approved by the P & I underwriters; and that petitioner Long joined with the others in executing the joint petition for limitation of liability. Petitioner Long further states that he agreed to sign certain documents in the litigation on the advice of these attorneys "because of my obligation to cooperate with the underwriters in the defense of the claims under the aforesaid P & I Policy." It follows that all the petitioners were satisfied to proceed with the attorneys approved by the underwriters.

■ If, as petitioner Long suggests, he was misled into joining with the other petitioners in seeking limitation of liability by the action of the underwriters and their attorneys, he should pursue his remedies against the underwriters rather than by reopening this litigation to the obvious prejudice of the 34 claimants who have litigated this matter for almost four years.

■ Petitioner Long's deposition before trial, made on April 3, 1968, raises more questions than it answers as to whether he was without privity or knowledge. Indeed, had it been offered at the trial or had petitioner Long testified as he did in his deposition, the court's decision would have been the same, viz., that he had not sustained his burden of proof. The deposition reveals continuous personal and business relationships between petitioner Long and the co-petitioners Smith and Quinn during the period prior to the sinking of the VOYAGER.[2]

■ Even if, upon a new trial, petitioner Long could establish in this limitation of liability proceeding that the charter with Quinn was in fact and in law a bareboat charter and that Quinn was owner *pro hac vice,* this would not entitle petitioner Long, as owner of the vessel, to exoneration from or limitation of liability absent proof that he was without privity or knowledge of the over-

2. For example, the Anne Quinn Corporation was named for the wife of petitioner Long's partner, J. R. Quinn; Earl J. Smith was president of both petitioners Earl J. Smith & Co. and Anne Quinn Corporation; and the vessel was named the "SMITH VOYAGER" immediately following its purchase by petitioner Long. The deposition further indicates that petitioner Long and Quinn, the husband of Anne Quinn, were in business continually from 1950 under various names, including Long & Quinn, S. A. Long, Inc., and Long, Quinn and Boylan Co

loading. See Reed v. SS Yaka, 373 U.S. 410, 411 n. 1, 83 S.Ct. 1349, 10 L. Ed.2d 448 (1963); Guzman v. Pichirilo, 369 U.S. 698, 700, 82 S.Ct. 1095, 8 L.Ed. 2d 205 (1962).

For the foregoing reasons, petitioner Long's motion for an order granting him exoneration from or limitation of liability, or, in the alternative, for a new trial on these issues, is denied.

It is so ordered.